# EXHIBIT 4

# EXHIBIT 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re GOOGLE INC. SHAREHOLDER DERIVATIVE LITIGATION ) ) ) | Master File No. CV-11-04248-PJH |
| This Document Relates To: ) ) ALL ACTIONS. ) ) | |
| CITY OF ORLANDO POLICE PENSION FUND by Its Trustees, derivatively on behalf of GOOGLE INC., ) ) ) ) Plaintiffs, ) vs. ) ) LAWRENCE E. PAGE, et al., ) ) Defendants. ) ) and ) ) GOOGLE INC., a Delaware corporation, ) ) Nominal Defendant. ) | Case No. CV-13-02038-PJH<br><br>[~~PROPOSED~~] ORDER APPROVING DERIVATIVE SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

998141_1

This matter came before the Court for hearing pursuant to the Order of this Court, dated November 6, 2014 ("Order"), on Plaintiffs' motion for approval of the settlement ("Settlement") set forth in the Stipulation of Settlement, dated August 7, 2014 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This District Court Approval Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein).

2. This Court has jurisdiction over the subject matter of the Actions, including all matters necessary to effectuate the Settlement, and over all parties to the Actions, including, but not limited to, the Plaintiffs, Google Inc. ("Google"), the current Google stockholders, and the Settling Defendants.

3. The Court finds that the notice provided to Google stockholders was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice. The notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

4. The Actions and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As among Plaintiffs, the Settling Defendants and Google, the parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

998141_1 [PROPOSED] ORDER APPROVING DERIVATIVE SETTLEMENT AND ORDER OF DISMISSAL
WITH PREJUDICE - CV-11-04248-PJH AND CV-13-02038-PJH

- 1 -

6. Upon the Effective Date, Google, current Google stockholders and the Plaintiffs (acting on their own behalf and derivatively on behalf of Google) shall be deemed to have, and by operation of this District Court Approval Order and the Judgment shall have, fully, finally, and forever released, relinquished and discharged and dismissed with prejudice the Released Claims against the Released Persons and any and all causes of action or claims (including Unknown Claims) that have or could have been asserted in the Actions by Plaintiffs, Google or any Google stockholder derivatively on behalf of Google, or Google against the Settling Defendants or the Released Persons, based on the Settling Defendants' acts and/or omissions in connection with, arising out of, or relating to, the facts, transactions, events, matters, occurrences, acts, disclosures, statements, omissions or failures to act related to Google's acceptance of advertisements by foreign online pharmacies that violated certain federal laws through and including the date of execution of the Stipulation. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7. Upon the Effective Date, Plaintiffs (acting on their own behalf and derivatively on behalf of Google and its stockholders), Google and any Person acting on behalf of Google, shall be forever barred and enjoined from commencing, instituting or prosecuting any of the Released Claims against any of the Released Persons or any action or other proceeding against any of the Released Persons arising out of, relating to, or in connection with the Released Claims, the Actions, or the filing, prosecution, defense, settlement, or resolution of the Actions. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8. Upon the Effective Date, each of the Released Persons and the Related Parties shall be deemed to have, and by operation of this District Court Approval Order and the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs and Plaintiffs' Counsel and all current Google stockholders (solely in their capacity as Google stockholders) from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Actions or the

Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

9. The Court hereby approves the Fee and Expense Amount in accordance with the Stipulation and finds that such fee is fair and reasonable.

10. Neither the Stipulation nor the Settlement, including the Exhibits attached thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempt to be offered or used in any way as a concession, admission, or evidence of the validity of any Released Claims or any fault, wrongdoing or liability of the Released Persons or Google; or (b) is or may be deemed to be or may be used as a presumption, admission, or evidence of any liability, fault or omission of any of the Released Persons or Google in any civil, criminal or administrative or other proceeding in any court, administrative agency, tribunal or other forum. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement and Stipulation, and except that the Released Persons may file or use the Stipulation, the District Court Approval Order and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. During the course of the Actions, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, any applicable California law and all other similar laws.

12. Without affecting the finality of this District Court Approval Order and the Judgment in any way, this Court hereby retains continuing jurisdiction over the Actions and the parties to the Stipulation to enter any further orders as may be necessary to effectuate, implement and enforce the Stipulation and the Settlement provided for therein and the provisions of this District Court Approval Order.

998141_1

[PROPOSED] ORDER APPROVING DERIVATIVE SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE - CV-11-04248-PJH AND CV-13-02038-PJH

- 3 -

13. This District Court Approval Order and the Judgment is a final and appealable resolution in the Actions as to all claims and the Court directs immediate entry of the Judgment forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure, dismissing the Actions with prejudice.

IT IS SO ORDERED.

DATED: 1/21/15

_____
THE HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE

Submitted by:

ROBBINS GELLER RUDMAN
  & DOWD LLP
BENNY C. GOODMAN III
ERIK W. LUEDEKE

_____
BENNY C. GOODMAN III

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

POMERANTZ LLP
MARC I. GROSS
JEREMY A. LIEBERMAN
600 Third Avenue
New York, NY 10016
Telephone: 212/661-1100
212/661-8665 (fax)

998141_1

[PROPOSED] ORDER APPROVING DERIVATIVE SETTLEMENT AND ORDER OF DISMISSAL
WITH PREJUDICE - CV-11-04248-PJH AND CV-13-02038-PJH - 4 -

```
 1  ROBBINS ARROYO LLP
    BRIAN J. ROBBINS
 2  FELIPE J. ARROYO
    SHANE P. SANDERS
 3  GINA STASSI
    600 B Street, Suite 1900
 4  San Diego, CA 92101
    Telephone: 619/525-3990
 5  619/525-3991 (fax)

 6  LAW OFFICE OF ALFRED G.
      YATES, JR., P.C.
 7  GERALD L. RUTLEDGE
    519 Allegheny Building
 8  429 Forbes Avenue
    Pittsburgh, PA 15219
 9  Telephone: 412/391-5164
    412/471-1033 (fax)
10

11  Counsel for Plaintiffs Patricia H. McKenna,
    Avrohom Gallis and James Clem
12

13  ABRAHAM FRUCHTER,
      & TWERSKY, LLP
    JEFFREY S. ABRAHAM
14  MITCHELL M.Z. TWERSKY
    ATARA HIRSCH
15  PHILIP T. TAYLOR

16

17  _____
         JEFFREY S. ABRAHAM
18
    One Penn Plaza, Suite 2805
19  New York, NY 10119
    Telephone: 212/279-5050
20  212/279-3655 (fax)

21  IAN D. BERG
    TAKEO A. KELLAR
22  12526 High Bluff Drive, Suite 300
    San Diego, California 92130
23  Tel: (858) 792-3448
    Fax: (858) 792-3449
24

25  Counsel for Plaintiff City of Orlando Police
    Pension Fund
26

27

28
```

945888_3

[PROPOSED] ORDER APPROVING DERIVATIVE SETTLEMENT AND ORDER OF DISMISSAL
WITH PREJUDICE - CV-11-04248-PJH AND CV-13-02038-PJH

- 5 -

| | |
|---|---|
| 1 | WILSON SONSINI GOODRICH & ROSATI, P.C. |
| 2 | BORIS FELDMAN |
| 3 | ELIZABETH C. PETERSON |
| 4 | |
| 5 | /s/ Boris Feldman  ECP<br>BORIS FELDMAN |
| 6 | 650 Page Mill Road |
| 7 | Palo Alto, CA 94304<br>Telephone: 650/493-9300 |
| 8 | 650/493-6811 (fax) |
| 9 | Attorneys for Defendants Larry Page, Sergey Brin, Eric E. Schmidt, L. John |
| 10 | Doerr, John L. Hennessy, Paul S. Otellini, K. Ram Shriram, Shirley M. Tilghman, Ann |
| 11 | Mather, and Nominal Defendant Google Inc. |

945888_3

[PROPOSED] ORDER APPROVING DERIVATIVE SETTLEMENT AND ORDER OF DISMISSAL
WITH PREJUDICE - CV-11-04248-PJH AND CV-13-02038-PJH

- 6 -

Received for Filing Oakland County Clerk 2015 JUL 07 AM 11:28

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

| | |
|---|---|
| JOEL ROSENFELD, derivatively on behalf of FLAGSTAR BANCORP, INC.<br>    Plaintiff,<br>v.<br><br>JOSEPH P. CAMPENELLI, MICHAEL J. TIERNEY, PAUL D. BORJA, TODD M. MCGOWAN, DANIEL LANDERS, MATTHEW A. KERIN, WALTER N. CARTER, GREGORY ENG, JAY J. HANSEN, DAVID J. MATLIN, JAMES A. OVENDEN, MARK PATTERSON, MICHAEL J. SHONKA and DAVID J. TREADWELL,<br>    Defendants<br><br>and<br><br>FLAGSTAR BANCORP, INC.,<br>Nominal Defendant. | Consolidate cases<br>Case No. 13-135711-CZ<br>Case No. 13-136900-CZ<br><br>Hon. James M. Alexander<br><br>STIPULATED ORDER<br>AND FINAL JUDGMENT |
| KENNETH TAYLOR, derivatively on behalf of FLAGSTAR BANCORP, INC.,<br>    Plaintiff,<br>v.<br><br>JOSEPH P. CAMPANELLI, MICHAEL J. TIERNEY, PAUL D. BORJA, TODD M. MCGOWAN, DANIEL LANDERS, MATTHEW A. KERIN, WALTER N. CARTER, GREGORY ENG, JAY J. HANSEN, DAVID J. MATLIN, JAMES A. OVENDEN, MARK PATTERSON, MICHAEL J. SHONKA and DAVID J. TREADWELL,<br>    Defendants<br><br>and<br><br>FLAGSTAR BANCORP, INC.,<br>    Nominal Defendant. | |

Received for Filing Oakland County Clerk 2015 JUL 07 AM 11:28

| | |
|---|---|
| RODGER D. YOUNG (P22652)<br>SARA K. MACWILLIAMS (P67805)<br>Young & Associates<br>Co-Lead Counsel<br>27725 Stansbury Blvd., Suite 125<br>Farmington Hills, MI 48334<br>248.353.8620<br>efiling@youngpc.com<br>macwilliams@youngpc.com<br><br>JOSEPH H. WEISS<br>DAVID C. KATZ<br>JOSHUA M. RUBIN<br>WeissLaw LLP<br>Co-Lead Counsel<br>1500 Broadway, 16th Floor<br>New York, NY 10036<br>212.682.3025<br>jweiss@weisslawllp.com<br>dkatz@weisslawllp.com<br>jrubin@weisslawllp.com | WILLIAM H. HORTON (P31567)<br>Giarmarco Mullins & Horton PC<br>Counsel for James A. Ovenden and<br>Michael J. Shonka<br>101 W. Big Beaver Road, 10th Floor<br>Troy, MI 48084<br>248.457.7060<br>bhorton@gmhlaw.com<br><br>ERIC J. PELTON (P40635)<br>Kienbaum Opperwall Hardy & Pelton PLC<br>Counsel for Joseph A. Campanelli, Michael<br>J. Tierney, Paul D. Borja, Todd M.<br>McGowan, Daniel Landers, Matthew A.<br>Kerin, Walter N. Carter, Gregory Eng, Jay<br>J. Hansen, David J. Matlin, Mark Patterson<br>and David J. Treadwell<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI 48009<br>248.645.0000<br>epelton@kohp.com<br><br>THOMAS W. CRANMER (P25252)<br>Miller, Canfield, Paddock and Stone, PLC<br>840 West Long Lake Road, Suite 200<br>Troy, MI 48098<br>248.267.3248<br>cranmer@millercanfield.com |

## ORDER AND FINAL JUDGMENT

A hearing having been held before this Court in the above-captioned action (the "Consolidated Action") on July 7, 2015 pursuant to the Court's Order of May 1, 2015 (the "Preliminary Approval Order") and upon a Stipulation of Settlement, dated April 30, 2015 (the "Stipulation" or "Settlement"); it appearing that due notice of the hearing has been given in accordance with the Preliminary Approval Order; the respective parties having appeared by their attorneys of record; the Court having heard and considered evidence in support of the proposed Settlement; the attorneys for the respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Preliminary

2

Approval Order; the Court having determined that notice to Flagstar Bancorp, Inc.'s shareholders was adequate and sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED this 7th day of July, 2015, that:

    A.    Unless otherwise defined herein, all defined terms shall have the meaning set forth in the Stipulation and the Preliminary Approval Order.

    B.    The Notice of Pendency and Settlement of Derivative Action (the "Notice") has been disseminated pursuant to and in the manner directed by the Preliminary Approval Order; the form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Section 496 of the Michigan Business Corporation Act (the "MBCA"), MCL 450.1496, the Constitution of the United States, any other applicable law, and due process, and it is further determined that all shareholders of Flagstar Bancorp, Inc. are bound by this Order and Final Judgment.

    C.    Pursuant to the MBCA and for purposes of Settlement only, the Court finds that the Consolidated Action was properly brought as a derivative action for and on behalf of Flagstar Bancorp, Inc., and that Lead Plaintiff and Lead Counsel have fairly and adequately represented the interests of shareholders similarly situated in enforcing the rights of Flagstar Bancorp, Inc. in the Consolidated Action.

    D.    The terms and provisions of the Settlement have been entered into in good faith under the auspices of an experienced mediator. The terms and provisions of the Settlement are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests

of, Flagstar Bancorp, Inc. and its shareholders, and in full compliance with all applicable requirements of the Michigan Rules of Civil Procedure, MBCA, Michigan law, the United States Constitution (including the Due Process Clause), the Local Rules of the Court and any other applicable law.

   E. The parties to the Settlement are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Administrator of the Circuit Court for Oakland County is directed to enter and docket this Order and Final Judgment.

   F. This Order and Final Judgment shall not constitute any evidence, or an admission by any party herein, that any acts of wrongdoing have been committed by any of the parties to the Consolidated Action and shall not be deemed to create any inference that there is any liability therefor.

   G. This Order and Final Judgment is binding on the parties and all Flagstar Bancorp, Inc. shareholders and shall have preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the parties or Flagstar Bancorp, Inc. shareholders.

   H. The Consolidated Action is hereby dismissed with prejudice on the merits and, without fees, costs, and/or expenses to any party except as provided in the Stipulation and by the terms of this Order. The provision for attorneys' fees and expenses provided for in the Stipulation is hereby approved.

   I. In considering the amount of attorneys' fees and reimbursement of expenses agreed upon by the parties, the Court finds that:

      i.      The Action involved complex, novel, and difficult questions of fact and law which required the services of highly skilled and experienced counsel to perform the legal services properly;

      ii.      Lead Counsel has litigated the Action efficiently and effectively, and achieved the Settlement with skill, perseverance, and diligent advocacy;

      iii.      The experience, reputation and ability of Lead Counsel and Defendants' Counsel are of the highest order, as the Court has witnessed in this case;

      iv.      Lead Counsel litigated the Action on a wholly contingent basis and advanced all costs and expenses;

      v.      Lead Counsel devoted a substantial number of hours to prosecuting the Action, which included the review of more than one and a half million pages of documents, numerous interviews, intensive negotiations over a protracted period, numerous hard fought mediation sessions, and travel;

      vi.      Given the substantial time devoted to prosecuting the Action, the litigation of this case limited other employment by Lead Counsel;

      vii.      The amount involved in this Action was in the hundreds of millions of dollars and the Settlement has created substantial and meaningful benefits for Flagstar Bancorp Inc. and its shareholders;

      viii.      The insurance carrier, Flagstar, and its Board of Directors, in their respective exercise of business judgment, have collectively agreed to settle the Action and the amount of the fee and expenses; and

Received for Filing Oakland County Clerk 2015 JUL 07 AM 11:28

ix. The amount of attorneys' fees and expenses awarded is fair, reasonable and justified by all of the relevant considerations by which fee awards are determined under the law of the State of Michigan.

J. On the date when this Order and Final Judgment becomes final and no longer subject to appeal, whether by exhaustion of any possible appeal, lapse of time, writ of certiorari or otherwise, Lead Plaintiff, Flagstar Bancorp, Inc., and all Flagstar Bancorp, Inc. shareholders, shall, by operation of the Stipulation, by operation of this Judgment and to the fullest extent allowed by law, release and be deemed to release and forever discharge the Released Persons from the Settled Claims.

K. On the date when this Order and Final Judgment becomes final and no longer subject to appeal, whether by exhaustion of any possible appeal, lapse of time, writ of certiorari or otherwise, all claims that have been or could have been asserted by any Individual Defendant or any other Released Person against the Lead Plaintiff or any of his counsel which arise out of or in any way relate to the institution, prosecution or settlement of the Consolidated Action are completely, fully, finally and forever compromised, settled, released, discharged, extinguished and dismissed with prejudice, upon and subject to the terms and conditions set forth herein.

L. Without further order of the court, the parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Derivative Action Settlement Agreement.

M.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

_____
Hon. James M. Alexander
Oakland County Circuit Court Judge

Received for Filing Oakland County Clerk 2015 JUL 07 AM 11:28

Received for Filing Oakland County Clerk 2015 JUL 07 AM 11:28

**SO STIPULATED AS TO FORM AND AGREED:**

Dated: April 30, 2015

OF COUNSEL:

**WEISSLAW LLP**
Joseph H. Weiss
David C. Katz
Joshua M. Rubin
1500 Broadway, 16th Floor
New York, NY 10036
(212) 682-3025

*Co-Lead Counsel for Lead Plaintiff*

**YOUNG & ASSOCIATES**

/s/ *Rodger D. Young*
Rodger D. Young (P22652)
Sara K. MacWilliams (P67805)
27725 Stansbury Blvd., Ste. 125
Farmington Hills, MI 48334
(248) 353-8620

*Co-Lead Counsel for Lead Plaintiff*

**MILLER, CANFIELD, PADDOCK & STONE PLC**

/s/ *Thomas W. Cranmer*
Thomas W. Cranmer (P25252)
Todd A. Holleman (P57699)
840 W. Long Lake Rd., Ste. 200
Troy, MI 48098
(248) 879-2000

*Counsel for Nominal Defendant Flagstar Bancorp, Inc.*

OF COUNSEL:

**GIBSON, DUNN & CRUTCHER LLP**
Robert F. Serio
Jonathan C. Dickey
200 Park Ave.
New York, NY 10166
(212) 351-4000

*Co-Counsel for Defendants Joseph P. Campanelli, Michael J. Tierney, Paul D. Borja, Todd M. McGowan, Daniel Landers, Matthew A. Kerin, Walter N. Carter, Gregory Eng, Jay J. Hansen, David J. Matlin, Mark Patterson, and David Treadwell*

**KIENBAUM, OPPERWALL, HARD & PELTON, PLC**

/s/ *Eric J. Pelton*
Eric J. Pelton (P40635)
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000

*Counsel for Defendants Joseph P. Campanelli, Michael J. Tierney, Paul D. Borja, Todd M. McGowan, Daniel Landers, Matthew A. Kerin, Walter N. Carter, Gregory Eng, Jay J. Hansen, David J. Matlin, Mark Patterson, and David Treadwell*

Received for Filing Oakland County Clerk 2015 JUL 07 AM 11:28

                                      **GIARMARCO, MULLINS & HORTON, P.C.**

                                      <u>/s/  *William H. Horton*</u>
William H. Horton (P31567)
101 W. Big Beaver Rd., 10th Fl.
Troy, MI 48084
(248) 457-7000

*Counsel for James A. Ovenden and Michael J. Shonka*

9