| | |
|---|---|
| **IN THE UNITED STATES DISTRICT COURT**<br>**DISTRICT OF UTAH, CENTRAL DIVISION** | |
| IN RE NU SKIN ENTERPRISES, INC., SHAREHOLDER DERIVATIVE LITIGATION, | Civil Case No. 2:14-cv-00107-JNP (Cons.)<br><br>SHAREHOLDER DERIVATIVE ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | |

**ORDER PRELIMINARILY APPROVING**
**DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, the parties to the above-captioned consolidated shareholder derivative action (the "Action") have made an application, pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the Settlement of the Action in accordance with the Stipulation and Agreement of Settlement fully executed on July 13, 2016 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the Action with prejudice, upon the terms and conditions set forth therein; and (ii) approving the form and content of the Notice to Current Nu Skin Stockholders (the "Notice") to be filed with the SEC via a Current Report on Form 8-K and posted on the Investor Relations portion of Nu Skin's website, and approving the form and content of the Summary Notice to Current Nu Skin Stockholders (the "Summary Notice") to be published one time in *Investors' Business Daily*;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2. A hearing (the "Settlement Hearing") shall be held before the Court on **Thursday, October 6, 2016 at 2:00 p.m.** to determine: (i) whether the terms and conditions of the Settlement set forth in the Stipulation are fair, reasonable, and adequate to Nu Skin and Current Nu Skin Shareholders and should be finally approved by the Court; (ii) whether a Final Order and Judgment approving the Settlement, as provided for in the Stipulation and attached thereto as Exhibit E, should be entered; and (iii) whether Plaintiffs' Co-Lead Counsel's agreed-to Fee Award should be finally approved.

3. The Court approves, as to form and content, the Notice attached as Exhibit C and the Summary Notice attached as Exhibit D to the Stipulation, and finds that the posting of such Notice and Summary Notice substantially in the manner and form set forth in this Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Not later than ten (10) business days following entry of this Order, Nu Skin shall cause the Notice to be filed with the SEC via a Current Report on Form 8-K and posted on the

Investor Relations portion of Nu Skin's website and the Summary Notice to be published one time in *Investors' Business Daily.*

5. All papers in support of the Settlement, the Fee Award, and the Incentive Awards shall be filed with the Court and served at least twenty-one (21) calendar days prior to the Settlement Hearing and any reply papers shall be filed with the Court at least seven (7) days prior to the Settlement Hearing.

6. Any Current Nu Skin Stockholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be finally approved as fair, reasonable, and adequate, or why the Final Order and Judgment should not be entered thereon, or why the Fee Award or Incentive Awards should not be finally approved, provided, however, unless otherwise ordered by the Court, no Current Nu Skin Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Final Order and Judgment to be entered thereon approving the same, or the Fee Award or Incentive Awards, unless that Stockholder has, ***at least fourteen (14) days prior to the Settlement Hearing***: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of Nu Skin common stock through the date of the Settlement Hearing, including the number of shares of Nu Skin common stock and the date of purchase; and (c) any documentation in support of such objection; and (2) if a Current Nu Skin Stockholder intends to appear and requests to be heard at the Settlement Hearing, such Shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such Stockholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the Stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony.  If a Current

Nu Skin Stockholder files a written objection and/or written notice of intent to appear, such Stockholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such Stockholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

| | |
|---|---|
| Brett D. Stecker<br>THE WEISER LAW FIRM, P.C.<br>22 Cassatt Ave, Suite 100<br>Berwyn, PA 19312 | James G. Kreissman<br>SIMPSON THACHER & BARTLETT LLP<br>2475 Hanover Street<br>Palo Alto, California 94304 |
| David Wales<br>BERNSTEIN LITOWITZ BERGER<br>& GROSSMANN, LLP<br>1251 Avenue of the Americas<br>New York, NY 10020 | *Counsel for Defendants* |
| *Plaintiffs' Co-Lead Counsel* | |

Any Current Nu Skin Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, the Fee Award, or the Incentive Awards as incorporated in the Stipulation, unless otherwise ordered by the Court, but shall otherwise be bound by the Final Order and Judgment to be entered and the releases to be given.

7.      At least ten (10) business days prior to the Settlement Hearing, Defendants' Counsel shall serve on counsel in the Action and file with the Court proof, by affidavit or declaration, of the publication of the Notice and Summary Notice.

8.      All Current Nu Skin Stockholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Nu Skin Stockholders.

9. Pending final determination of whether the Settlement should be approved, no Current Nu Skin Stockholders, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Individual Defendants or Nu Skin, or derivatively on behalf of Nu Skin, any action or proceeding in any court or tribunal asserting any of Plaintiffs' Released Claims.

10. Neither the Stipulation (including any exhibits attached hereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Plaintiffs' Released Claims, or of any fault, wrongdoing or liability of any of the Parties, Plaintiffs' Co-Lead Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiffs' Released Persons; or (ii) is or  may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, any fault, omission, wrongdoing or liability of any of the Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiffs' Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released Persons and Plaintiffs' Released Persons may file the Stipulation and/or the Judgment in any action that may be brought, or has been brought, against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current Nu Skin Stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current Nu Skin Stockholders.

IT IS SO ORDERED.

DATED: July 27, 2016.

_____
HONORABLE JILL N. PARRISH
UNITED STATES DISTRICT JUDGE