| IN THE UNITED STATES DISTRICT COURT<br>DISTRICT OF UTAH | |
|---|---|
| IN RE NU SKIN ENTERPRISES, INC., SHAREHOLDER DERIVATIVE LITIGATION | FINAL ORDER AND JUDGMENT<br><br>Case No. 2:14-cv-00107-JNP<br><br>Hon. Jill N. Parrish |

This matter came before the Court for hearing pursuant to this Court's Order Preliminarily Approving Derivative Settlement and Providing for Notice, dated July 27, 2016 (the "Preliminary Approval Order"), on the application of the Parties for final approval of the settlement set forth in the Stipulation and Agreement of Settlement fully executed on July 13, 2016 (the "Stipulation"). Due and adequate notice having been given to Current Nu Skin Stockholders as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Final Order and Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Parties.

3.     The Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Parties, and hereby finally approves the Settlement in all respects, finds that the Settlement set forth in the Stipulation provides substantial benefits to Nu Skin and

Current Nu Skin Stockholders, and orders the Parties to perform its terms to the extent the Parties have not already done so.

4.      The Action, all claims contained therein, and Plaintiffs' Released Claims are hereby ordered as compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Final Order and Judgment.  As among Plaintiffs, Nu Skin, and the Individual Defendants, the Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5.      Plaintiffs' Released Persons shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all of Plaintiffs' Released Claims against Defendants' Released Persons.

6.      Defendants and Defendants' Released Persons shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all of Defendants' Released Claims against Plaintiffs and/or Plaintiffs' Released Persons.

7.      Upon the Effective Date, Nu Skin, Plaintiffs (individually and derivatively on behalf of Nu Skin), and Current Nu Skin Stockholders (solely in their capacity as Nu Skin stockholders) shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims (including Unknown Claims) and any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Action against the Released Parties.  Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

8.      Upon the Effective Date, Defendants and Defendants' Released Persons shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and

forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Released Persons from all claims, arising out of, relating to, or in connection with their institution, prosecution, assertion, settlement, or resolution of the Action or Plaintiffs' Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

9.      The Court finds that the Notice to Current Nu Skin Stockholders filed with the SEC via a Current Report on Form 8-K and posted on the Investor Relations portion of Nu Skin's website, along with the Summary Notice published one time in *Investors' Business Daily,* provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

10.      The Court finds that during the course of the Action, the Parties and their counsel at all times complied with Federal Rule of Civil Procedure 11.

11.      The Court finds that the Fee Award and Incentive Awards are fair and reasonable, in accordance with the Stipulation, and finally approves the Fee Award and Incentive Awards.

12.      Neither the Stipulation (including any exhibits attached hereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Plaintiffs' Released Claims, or of any fault, wrongdoing or liability of any of the Parties, Defendants' Released Persons or Plaintiffs' Released Persons; or (ii) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, any fault,

omission, wrongdoing or liability of any of the Parties, Defendants' Released Persons or Plaintiffs' Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Parties, Defendants' Released Persons and Plaintiffs' Released Persons may file the Stipulation and/or the Judgment in any action that may be brought, or has been brought, against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.    Without affecting the finality of this Final Order and Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) the Parties for the purpose of construing, enforcing, and administering the Stipulation, including, if necessary, setting aside and vacating this Final Order and Judgment, on motion of a Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

14.    This Final Order and Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

DATED October 12, 2016

BY THE COURT:

_____
Honorable Jill N. Parrish
UNITED STATES DISTRICT JUDGE